Sammy L. PAGE, Plaintiff—Appellant,

v.

Bill LOCKYER, Attorney General,
Defendant—Appellee.

No. 05–16459.

United States Court of Appeals,
Ninth Circuit.

Argued & Submitted Aug. 16, 2006.

Decided Sept. 7, 2006.

Michael H. Murray, Esq., Pleasanton, CA, for Plaintiff–Appellant.

Sammy L. Page, Coalinga, CA, pro se.

Gregory A. Ott, Esq., Peggy S. Ruffa, Esq., AGCA—Office of the California Attorney General, Oakland, CA, for Defendant–Appellee.

Before: CANBY, THOMPSON, and HAWKINS, Circuit Judges.

MEMORANDUM *

Sammy L. Page is civilly committed to a state mental health facility under California's Sexually Violent Predators Act ("SVPA"). *See* Cal. Welf. & Inst.Code §§ 6600–6609.3. He appeals the district court's denial of his 28 U.S.C. § 2241 habeas corpus petition seeking unconditional release on the ground that he was detained for approximately six years before being brought to trial on the SVPA charge, in violation of his Sixth Amendment right to a speedy trial. We review de novo the district court's denial of Page's habeas petition, but review the court's findings of fact for clear error. *McNeely v. Blanas,* 336 F.3d 822, 826 (9th Cir.2003). We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court.

The Supreme Court has articulated a four-part balancing test to determine whether governmental delay has deprived

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

an individual of his right to a speedy trial. *Id.* (citing *Barker v. Wingo,* 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972)). The four factors are: (1) the length of the delay; (2) the reasons for the delay; (3) the defendant's assertion of the right to speedy trial; and (4) the prejudice caused by the delay. *Id.* None of the factors is singularly necessary or sufficient. *Id.* (citing *Barker,* 407 U.S. at 530, 92 S.Ct. 2182).

The delay in this case lasted over six years. The government concedes that a delay of such length is presumptively prejudicial, which triggers an inquiry into the other three factors. *See Barker,* 407 U.S. at 530–31, 92 S.Ct. 2182.

Regarding the second *Barker* factor—reasons for the delay—"delay attributable to the defendant's own acts or to tactical decisions by defense counsel will not bolster defendant's speedy trial argument." *McNeely,* 336 F.3d at 827 (citing *United States v. Goeltz,* 513 F.2d 193, 197 (10th Cir.1975)). The district court concluded that Page was responsible for the delay in bringing his case to trial, and this finding of fact is not clearly erroneous. Page's case was continued numerous times. Although the record does not always indicate which party requested a continuance, every continuance for which that information is available was at Page's request. Moreover, two of the district attorneys who handled Page's case have provided sworn declarations that Page requested all continuances. We agree with the district court that Page was responsible for the delay, and conclude that the second *Barker* factor does not support his claim.

As for the third *Barker* factor, a defendant's assertion of his speedy-trial right "is entitled to strong evidentiary weight in determining whether the defendant [was] deprived of the right." *Barker,* 407 U.S. at 531–32, 92 S.Ct. 2182. Even repeated assertions of the right to a speedy trial, however, must be viewed in light of the defendant's other conduct. *See United States v. Loud Hawk,* 474 U.S. 302, 314, 106 S.Ct. 648, 88 L.Ed.2d 640 (1986). Page first asserted his speedy-trial right more than five years after the petition seeking his civil commitment. Page's conduct after asserting this right—such as requesting and obtaining a new probable cause hearing, and later stating that he was "not even considering a date" for trial—indicates that he was not, in fact, interested in obtaining a speedy trial. Consequently, the third *Barker* factor does not support Page's claim.

The extent to which the delay prejudiced Page is the fourth *Barker* factor. *See Barker,* 407 U.S. at 532, 92 S.Ct. 2182. As Page acknowledges, prejudice cannot be presumed in this case because he concedes he is at least partially responsible for the delay. *See United States v. Aguirre,* 994 F.2d 1454, 1457–58 (9th Cir.1993). Page must therefore demonstrate actual prejudice, which involves three considerations: (1) oppressive pretrial incarceration; (2) anxiety and concern of the accused; and (3) the possibility that the accused's defense was impaired. *See id.; Barker,* 407 U.S. at 532, 92 S.Ct. 2182. Page does not argue that his defense was impaired by the delay, which the Supreme Court identified as the "most serious" of the three prejudice considerations. *Barker,* 407 U.S. at 532, 92 S.Ct. 2182. As for prolonged pretrial detention and attendant anxiety, those circumstances may have existed, but other than the length of the pretrial detention, there has been no showing that the detention was significantly oppressive. And even if length of the detention alone were sufficient to satisfy the element of oppression, Page caused the delay and failed to meaningfully assert his right to receive a speedy trial. We therefore affirm the district court's denial of Page's habeas petition.

We decline to reach Page's uncertified state law question concerning California Penal Code § 654(a).

**AFFIRMED.**